UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 16 2022

JEFFREY P. COLWELL
CLERK

| MARCUS FORD | § | |
| Plaintiff | § | |
| | § | CASE NUMBER: |
| vs. | § | |
| | § | |
| CONVERGENT OUTSOURCING | § | |
| | § | |
| Defendant | § | |

**DEMAND FOR JURY TRIAL**

## ORIGINAL COMPLAINT

1. This is an action for actual and statutory damages brought by Plaintiff, an individual consumer, against Defendant Convergent Outsourcing Inc, for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDITCTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d) and 28 U.S.C 1331.

3. Venue is proper in the United States District Court for the District of Colorado, because the acts and transactions occurred in the district and because the defendant transacts business in this district.

## THE PARTIES

4. Marcus Ford ("Plaintiff") is an individual who resides in Arapahoe County Colorado.

5. Upon information and belief Convergent outsourcing, Inc., is a corporation with its principal place of business at 800 SW 39th Street, Suite 100 Renton, WA 98057 and may be served by serving its registered agent at the following address:

    1311 E. Briarwood Ave. #340

    Centennial, CO 80112

6. Defendant is engaged in the collection of debt from consumers using the mail and telephone. Defendant regularly attempt to collect consumers debt alleged to be due.

## FACTUAL ALLEGATIONS

7. Plaintiff is a natural person

8. Plaintiff is a "Consumer" as the term is defined in Colo. Rev. Stat §12-14-103(4)

9. Plaintiff is a "Consumer" as that term is defined in §15 U.S.C. 1692(a)(3)

10. Plaintiff incurred an alleged debt for goods and services used for personal, family or household purposes. ("alleged debt")

11. The alleged debt is a "debt" as the term is defined by §1692a(5) of the FDCPA.

12. Plaintiff did not pay the alleged debt and it went into default.

13. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C 1692a(6).

14. Defendant is a "debt collector" as defined by Colo. Rev. Stat. §12-14-103(7).

15. Defendant is a "collection agency" as defined by Colo Rev. Stat §12-14-103(2)

16. On or about October 13, 2021, Plaintiff Mailed a dispute letter via certified mail to Transunion, LLC ("Transunion"), Equifax Information services, LLC ("Equifax") and Experian Information solutions, LLC ("Experian") to dispute the accuracy and completeness of the information furnished by defendant. Plaintiff has disputed every Month Until the filing of this action.

17. On the report, Plaintiff observed tradelines from the Defendant.

18. Defendant COI furnished a tradeline of $3,475.00 allegedly owed.

19. The tradeline information furnished by defendant to consumer reporting agencies on Plaintiff's credit report is false, inaccurate and unverifiable.

20. On March 8, 2022 Plaintiff received re-investigation results from the credit reporting agencies and defendant failed to notate that the tradeline information was being disputed by plaintiff.

21. As a result of defendants publishing of such inaccurate and incomplete information "Knowingly" and "Intentionally" Plaintiff has suffered damages, including but not limited to a decrease in his FICO scores, being denied credit, being granted credit with a much higher interest rate, humiliation, emotional distress and mental anguish.


## FIRST CLAIM FOR RELIEF 15 U.S.C. §1692e(8)

22. . Plaintiff re-alleges the above paragraph as if set forth fully in this count

23. . Section §1692e(8) of the FDCPA states:

   A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application

of the foregoing, the following conduct is a violation of this section:

    []

    (8) Communicating or threatening to com- municate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

24. Defendants violated §1692e(8) of the FDCPA by communicating credit information to at least one credit reporting agency but failing to also communicate that the alleged debt was disputed.

25. Defendant Violated the FDCPA

26. As a result of the above violations of the FDCPA, the defendants are liable to the Plaintiff for actual damages, statutory damages and cost.

## JURY DEMAND AND REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and requests

that judgment be entered in favor of Plaintiff and against Defendants for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C 1692k(a)(1) or Colo. Rev. Stat. §12-14-113(1)(a);

C. Statutory damages pursuant to 15 U.S.C 1692k(a)(2)(A) or Colo. Rev. Stat §12-14-113(1)(b);

D. Cost and reasonable fees pursuant to 15 U.S.C 1692k(a)(3) or Colo. Rev. Stat §12-14-113(1)(c);

E. Any other relief deemed Appropriate by this Honorable Court.

Dated: March 11, 2022                    Respectfully submitted:


                                         By: s/MARCUS FORD
                                         15321 E. Louisiana Ave.
                                         Aurora, CO 80017
                                         mford7757@gmail.com